# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| ROBERT OREN, on behalf of himself and all others similarly situated,   ) ) )| |
| Plaintiffs,   ) ) )| Case No._____ |
| V.   ) )| JURY TRIAL DEMANDED |
| DOLLAR GENERAL CORPORATION (d/b/a Dolgencorp L.L.C.), a Tennessee corporation;   ) ) ) )| |
| and   ) )| |
| DOLGENCORP, L.L.C., a Kentucky Limited Liability Company.   ) ) )| |
| Defendants.   )| |

## COMPLAINT

Plaintiff Robert Oren ("Plaintiff"), on behalf of himself and all others similarly situated, makes the following allegations based on his personal knowledge of his own acts and, otherwise, upon information and belief based on investigation of counsel.

## NATURE AND SUMMARY OF THE ACTION

1.      Plaintiff, by and through undersigned counsel, brings this action both on his own behalf and on behalf of the class defined below, comprised of all individuals similarly situated within the State of Missouri, to redress the unlawful and deceptive practices employed by Defendants Dollar General Corporation, a Tennessee corporation doing business in Missouri as

Dolgencorp, LLC, (hereinafter "Defendants") in connection with its marketing and sale of its company-branded motor oil sold in its stores.

2.      Dollar General sells an entire line of company-branded motor oils (labeled "DG") that are obsolete and potentially harmful to its customers' automobiles by using deceptive and misleading tactics including the positioning of its line of obsolete motor oils immediately adjacent to the more expensive standard- and premium-quality motor oils manufactured by its competitors and failing to adequately warn its customers that its DG motor oil is unsuitable for use by the vast majority, if any, of its customers.

3. Dollar General's unlawful and deceptive business practices violate the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* ("MMPA") and the contractual rights of consumers.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d), because members of the proposed Class are citizens of States different from Defendants' home states of Tennessee and Kentucky, there are more than 100 Class Members, and the amount-in-controversy exceeds $5,000,000 exclusive of interest and costs.

5.      This Court has jurisdiction over Defendants because Defendants are foreign corporations or associations authorized to do business in Missouri, do sufficient business in Missouri, and have sufficient minimum contacts with Missouri or otherwise intentionally avail themselves of the laws and markets of Missouri, through the promotion, sale, marketing and distribution of its merchandise in Missouri, to render the exercise of jurisdiction by the Missouri courts permissible.

6.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because

2

Defendants' improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendants have caused harm to Class Members residing in this district, and/or because the Defendants are subject to personal jurisdiction in this district.

7.      In addition, Defendants operate numerous stores in Missouri and have received substantial compensation from Missouri consumers who purchase goods from Defendants

## PARTIES

8.      Plaintiff Robert Oren is an individual adult resident citizen of Kansas City, Jackson County, Missouri and is a member of the Class alleged herein.

9.       Plaintiff purchased Dollar General's DG SAE 10W-30 motor oil from Dollar General's store at 7525 Wornall Rd, Kansas City, Missouri 64114, on January 28, 2016.

10.     Defendant Dollar General Corporation is incorporated under the laws of the State of Tennessee, with its corporate headquarters located at 100 Mission Ridge, Goodlettsville, Tennessee. Defendant Dollar General Corporation can be served through its registered agent Corporation Service Company located at 2908 Poston Ave, Nashville, Tennessee 37203 ("DolgenCorp").

11.     Defendant Dolgencorp, LLC is a Kentucky limited liability company. Defendant Dolgencorp can be served through its registered agent, CSC – Lawyers Incorporating Service Company, located at 221 Bolivar Street, Jefferson City, Missouri 65101.

12.     At all relevant times, Defendants produced, marketed, distributed and sold its obsolete DG-branded motor oil in its stores throughout the United States, including in the State of Missouri, utilizing deceptive and misleading marketing and sales practices to induce Plaintiff and Class Members into purchasing its obsolete motor oil for use in their modern-day vehicles

3

knowing that its motor oil is obsolete and likely to cause damage to any such vehicle.

## FACTUAL ALLEGATIONS

13.     Defendants operate a chain of variety stores under the name Dollar General Stores that are headquartered in Goodlettsville, Tennessee.

14.     Dollar General is a discount retailer focused on low and fixed income consumers in small markets. Dollar General's business model includes locating its stores in rural, suburban communities, and in its more densely populated markets, Dollar General's customers are generally from the neighborhoods surrounding the stores. Dollar General's stores are located with the needs of its core customers (low and fixed income households) in mind.

15.     Dollar General offers basic every day and household goods, along with a variety of general merchandise at low prices to provide its customers with one-stop shopping opportunities generally in their own neighborhoods.

16.     In addition to offering name brand and generic merchandise, Dollar General manufactures and markets its own lines of inexpensive household products, which bear the designation "DG." DG lines include "DG Auto," "DG Hardware" "DG Health" and "DG Office."

17.     Dollar General's DG Auto line consists of three types of obsolete motor oil: DG SAE 10W-30, DG SAE 10W-40 and DG SAE-30 that fail to protect and can actively damage, modern-day automobiles.

18.     Motor oils lubricate the engines of the automobiles driven by individuals. Their main function is to reduce wear on an engine's moving parts. Motor oils  also inhibit corrosion, improve sealing and keep engines properly cooled.

19.     Motor oils have evolved in parallel with the automobiles they are meant to

4

protect. Institutions like the Society of Automotive Engineers ("SAE") employ rigorous tests to ensure that motor oils meet evolving standards relating to, among other criteria, sludge buildup, temperature volatility, resistance to rust, resistance to foaming, resistance to oil consumption, homogeneity and miscibility.

20.     Motor oils designed to protect engines from earlier eras do not protect, and can harm, modern-day engines.  Thus, motor oil that would be suitable to use in an engine manufactured in the 1980's or earlier is not suitable for use in modern-day engines.

21.     Defendants engaged in the unfair, unlawful, deceptive and fraudulent practice of marketing, selling and causing to be manufactured, obsolete motor oil without adequately warning that its product is unsuitable for, and can harm, the vehicles driven by the overwhelming majority of Dollar General's customers (and the public at large)

22.     Defendants mislead customers using product placement tactics and misleading product labels, which obscure a critical fact from Dollar General's customers: Dollar General's motor oil is unfit for, and can harm, the vehicles driven by the vast majority, if not all, of its customers.

23.     Dollar General's in-house motor oils use the same or similar SAE nomenclature on the front of its labels (e.g., 10W-30, 10W-40, SAE 30) as do the other mainstream, non-harmful, and actually useful brands of motor oil sold by Dollar General and beside which Dollar General places its DG brand motor oil on its shelves.

24.     Additionally, the front label of DG's SAE 10W-30 and SAE 10W-40 motor oils says, "Lubricates and protects your engine."

25.     However, among the small print on the back label of Dollar General's motor oils is the statement that  DG SAE 10W-30 and DG SAE 10W-40 are admittedly "not suitable for use

5

in most gasoline powered automotive engines built after 1988" and "may not provide adequate protection against the build-up of engine sludge" and that DG SAE 30 is admittedly "not suitable for use in most gasoline powered automotive engines built after 1930," and its "use in modern engines may cause unsatisfactory engine performance or equipment harm."

26.     Dollar General conceals this language by rendering it in small font and confining it to the product's back label.

27.     Dollar General further conceals this language by placing it below a message that presents a misleading impression of the product. For the DG SAE 10W-30 and DG SAE 10W-40 products, that message reads, "SAE 10W-30 motor oil is an all-season, multi-viscosity, heavy duty detergent motor oil recommended for gasoline engines in older model cars and trucks. This oil provides oxidation stability, anti-wear performance, and protection against deposits, rust and corrosion." For the DG SAE 30 product, that message reads: "DG Quality SAE 30 is a non-detergent motor oil designed for use in older engines where consumption may be high and economical lubricants are preferred."

28.     Few, if any, Dollar General customers drive vehicles for which these products are safe, and the use of the term "older" is a relative term that does not inform a reasonable consumer that these motor oils are not safe for cars manufactured within the past 27 years, or in the case of Dollar General's DG SAE 30, the past 85 years.

29.     Dollar General further disguises the obsolete and harmful nature of its motor oils with its positioning of these motor oils on its shelves in a misleading manner. Specifically, Dollar General places similar quantities of its in-house brand motor oils, DG SAE 10W-30, DG SAE 10W-40 and DG SAE 30, none of which are suitable for modern-day automobiles, adjacent to an array of other motor oils which are suitable for modern-day vehicles.

30.     Dollar General places its in-house brand motor oils on the same shelves, in the same or similar quantities, as PEAK, Pennzoil, Castrol and other legitimate motor oils that are suitable for modern-day automobiles.  Each type of motor oil uses the SAE nomenclature on the front, e.g., 10W-40.  The only apparent difference is the price, as Dollar General's motor oils are less expensive than the others are.

31.     Defendants' product display conceals the fact that its DG-brand motor oils have an extremely obscure and limited use and are likely to cause damage to the engines of most of their customer's cars.  Defendant's product positioning and the deceptive label on the motor oil are likely to deceive reasonable consumers.

32.     Dollar General also fails to warn its customers adequately of the obsolete nature of DG-branded motor oils or of the dangers DG-branded motor oils pose to the very automobiles its customers   are trying to protect by purchasing Dollar General's motor oil. An adequate warning for Dollar General's obsolete motor oils would be displayed conspicuously and would inform Dollar General's customers of the appropriate uses, if any, of the various types of Dollar General motor oils. But Dollar General provides its customers with no such conspicuous warnings. Instead, the company buries the aforementioned statements on the back of its products in small type where customers are unlikely to encounter them.

33.     DG SAE 30's back label, in fine print, includes the warnings, "IT IS NOT SUITABLE FOR USE IN MOST GASOLINE POWERED AUTOMOTIVE  ENGINES  BUILT AFTER  1930"  and  "USE  IN  MODERN ENGINES MAY CAUSE UNSATISFACTORY ENGINE PERFORMANCE OR EQUIPMENT HARM"

34.     DG SAE 10W-30 and DG SAE 10W-40's back labels – in fine print – includes the warnings, "IT IS NOT  SUITABLE  FOR  USE  IN  MOST  GASOLINE  POWERED

7

AUTOMOTIVE ENGINES BUILT AFTER 1988" and "IT MAY NOT PROVIDE ADEQUATE
PROTECTION AGAINST THE BUILD-UP OF ENGINE SLUDGE":

35.     Dollar General's entire line of low-cost motor oil is unsuitable for the modern-day
vehicles driven by its customers and has no business being sold, except that Dollar General is
successfully deceiving a sufficient number of customers to make this fraudulent practice
worthwhile. It is unfair, unlawful, deceptive and fraudulent for Dollar General to distribute,
market, and sell an entire line of motor oil that is unfit for, and presents concrete dangers to, the
automobiles driven by the vast majority of its customers.

36.     Defendants knew or should have known that their customers are being or will, in
reasonable probability, be deceived by its marketing strategy based on the quantity of its obsolete
DG motor oil sold compared to the limited number of automobiles for which these oils are
appropriate.

37.     The MMPA is designed to protect consumers from this type of false, deceptive,
misleading and predatory unconscionable conduct.

38.     Defendants' unfair and deceptive course of conduct victimized all purchasers of
Dollar General's motor oil from Dollar General, throughout the country and in the State of
Missouri.

39.     As a direct and proximate result of Dollar General's deceptive and fraudulent
practices, Named Plaintiff and the Class Members purchased a product they would not have
otherwise purchased and have suffered and will continue to suffer economic damages.

40.     In addition, many Class Members have sustained damage to their automobiles as
a result of the use of Dollar General's DG-branded motor oil and have suffered and will continue
to suffer economic damage as a result.

41. Named Plaintiff therefore brings the statutory and common law claims alleged herein to halt Dollar General's deceptive practices and to obtain compensation for the losses suffered by Named Plaintiff and all Class Members.

## Unjust Enrichment

42. Plaintiff and Class Members have conferred substantial benefits on the Defendant by purchasing its useless and harmful motor oil, and Dollar General has consciously and willingly accepted and enjoyed these benefits.

43. Defendants knew or should have known that consumers' payments for its obsolete and harmful motor oil were given and received with the expectation that the motor oil would lubricate and protect consumers' engines and would not be harmful to their vehicles.

44. Because of the fraudulent misrepresentations, concealments, and other wrongful activities described herein, Defendants have been unjustly enriched by its wrongful receipt of Plaintiff's and Class Members' monies.

45. As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiff and Class Members have suffered damages in an amount to be determined at trial.

46. Defendants should be required to account for and disgorge all monies, profits and gains which they have obtained or will unjustly obtain in the future at the expense of consumers.

## CLASS ACTION ALLEGATIONS

47. Named Plaintiff brings this class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all members of the following Class:

9

**All persons in the State of Missouri who purchased Defendant's DG-branded motor oil, DG SAE 10W-30, DG SAE 10W-40 and/or DG SAE 30, for personal use and not for re-sale, since February 15, 2011.**

48.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

49.     Specifically excluded from the proposed Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, successors, assigns, or other persons or entities related to or affiliated with Dollar General and/or its officers and/or directors, or any of them. Also excluded from the proposed Class are the Court, the Court's immediate family and Court staff.

## FRCP 23(a) Factors

50.     **Numerosity**. Membership in the Class is so numerous that separate joinder of each member is impracticable. The precise number of Class Members is unknown at this time but can be readily determined from Defendants' records. Plaintiff reasonably estimates that there are tens of thousands of persons in the Class.

51.     **Adequacy of Representation**. Named Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Named Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously.  Plaintiff is a member of the Class described herein and does not have interests antagonistic to, or in conflict with, the other members of the Class.

52.     **Typicality**. Named Plaintiff's claims are typical of the claims of the members of the Class and Sub-Class. Plaintiff and all members of the Class and Sub-Class purchased

10

obsolete, harmful, deceptively labeled and deceptively marketed motor oil from Dollar General and were subjected to Defendants' common course of conduct.

53.      Existence and Predominance of Common Questions of Law and Fact. There are numerous and substantial questions of law and fact common to all Class Members sufficient to satisfy Rule 23(a), and that control this litigation and predominate over any individual issues for purposes of Rule 23(b)(3). Included within the common questions are:

  a) The amount of Defendants' in-house brand motor oil it sold relative to the other brands of oil on its shelves;

  b) The amount of Defendants' in-house brand motor oil it sold relative to the limited number of automobiles for which these motor oils are appropriate;

  c) Whether Defendants studied the effect of its product placement on their shelves;

  d) Whether Defendants studied or tested its label and the effect of their labels on consumers' perceptions;

  e) Whether Defendants studied the susceptibility of consumers;

  f) The cost to Defendants to manufacture, distribute, market and sell their DG-branded motor oil compared to the revenue it received from its sales;

  g) Whether Defendants misrepresented the safety and suitability of their DG branded motor oil sold at its stores nationwide;

  h) Whether Defendants' conduct of placing the obsolete Dollar General motor oil next to legitimate, useful motor oil is likely to deceive reasonable consumers;

11

i)  Whether the warnings provided on the labels of Dollar General's motor oil were adequate;

j)  Whether Defendants' conduct of hiding the warnings on the back label is likely to deceive reasonable consumers;

k)  Whether Defendant deliberately misrepresented or failed to disclose material facts to Plaintiff and Class Members regarding the obsolete and harmful nature of its DG-branded motor oil;

l)  Whether Defendants' conduct, as alleged herein, constitutes an unconscionable act or practice actionable under the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.*;

m)  Whether the Class is entitled to injunctive relief prohibiting the wrongful practices alleged herein and enjoining such practices in the future;

n)  Whether Plaintiff and members of the Class are entitled to restitution;

o)  Whether compensatory, consequential and punitive damages ought to be awarded to Plaintiff and Class Members;

p)  Whether Plaintiff and Class Members are entitled to attorneys' fees and expenses, and in what amount;

q)  The proper method for calculating damages and restitution classwide; and

r)  Whether Plaintiff and Class Members are entitled to declaratory and/or other equitable relief.

## **FRCP 23(b)(2)**

54.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to

12

the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendant.

55.     Injunctive relief is necessary to prevent further fraudulent and unfair business practices by Defendant.  Money damages alone will not afford adequate and complete relief, and injunctive relief is necessary to restrain Defendant from continuing to commit its deceptive, fraudulent and unfair policies.

## **FRCP 23(b)(3)**

56.     **Common Issues Predominate**: As set forth in detail herein above, common issues of fact and law predominate because all of Named Plaintiff's MMPA and warranty claims are based on a deceptive common course of conduct. Whether Dollar General's conduct is likely to deceive reasonable consumers and breaches the implied  warranties  of  merchantability and  fitness  for  a  particular  purpose  is common to all members of the Class and are the predominate issues, and Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

57.     **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

> a) Given the size of the claims of individual Class Members, as well as the resources of Dollar General, few Class Members, if any, could afford to seek legal redress individually for the wrongs alleged herein;

13

b) This action will permit an orderly and expeditious administration of the claims of Class Members, will foster economies of time, effort and expense and will ensure uniformity of decisions;

c) Any interest of Class Members in individually controlling the prosecution of separate actions is not practical, creates the potential for inconsistent or contradictory judgments and would create a burden on the court system;

d) Without a class action, Class Members will continue to suffer damages, Defendant's violations of law will proceed without remedy, and Defendant will continue to reap and retain the substantial proceeds derived from its wrongful and unlawful conduct. Plaintiff and Class Members have suffered damages as a result of Defendant's unlawful and unfair conduct. This action presents no difficulties that will impede its management by the Court as a class action

58. Notice to the Class: Notice can be accomplished by publication for most Class Members, and direct notice may be possible for those who are members of a Dollar General's rewards program or for whom Dollar General has specific information. Further, publication notice can be easily targeted to Dollar General customers because Defendant only sells the subject motor oil in its own stores.

59. The Class members have been monetarily damaged and suffered injury in fact as a result of Dollar General's misconduct, in that each member purchased Dollar General's useless and harmful motor oil.

# CLAIMS FOR RELIEF

60.  Based on the foregoing allegations, Plaintiff's claims for relief include the following:

## FIRST CAUSE OF ACTION
### VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT (MMPA) – MO. REV. STAT. § 407.010 *ET SEQ.*

61.    Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

62.    Plaintiff, Class Plaintiffs and Dollar General are all "person[s]" for purposes of the MMPA.  Mo. Rev. Stat. § 407.010, *et seq*.

63.    The DG-branded oil at issue meets the definition of "merchandise" for purposes of the MMPA. See Mo. Rev. Stat. Mo. Rev. Stat. § 407.010*, et seq*.

64.    Pursuant to the MMPA, an unlawful practice is the use of "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. . .in or from the state of Missouri." Mo. Rev. Stat. § 407.020.

65.    In selling the DG-branded oil at issue to Plaintiff, Defendants have misrepresented material facts, either expressly or by implication by representing that: (i) Dollar General's DG-branded motor oil was suitable for use in its customers' automobiles; (ii) that Dollar General's DG-branded motor oil was safe to use in its customers' automobiles; and (iii) that Dollar General's DG-branded motor oil was of similar quality as the other motor oils beside which Dollar General's DG-branded motor oils were positioned on the shelves in Defendant's stores.

66.    As alleged hereinabove, Plaintiff has standing to pursue this claim as Plaintiff  has suffered  actual  economic  damages  as  a  proximate  result  of Defendant's actions as set forth

15

herein.

67. These representations were materially misleading and deceptive, and were a producing cause of economic damages to consumers.

68. Defendants violated and continue to violate the MMPA by engaging in the following practices proscribed by Mo. Rev. Stat. Mo. Rev. Stat. § 407.010*, et seq.*, in transactions with Plaintiff and members of the Sub-Class, which were intended to result in, and did result in, the sale of DG-branded motor oils:

   a. By representing that DG branded motor oil "Lubricates and protects your engine," placing the DG-branded motor oils on shelves next to legitimate motor oils intended for use in modern day vehicles, and failing to adequately warn consumers of the harm their products can cause, Defendant is representing that DG-branded motor oils have characteristics, uses and benefits which they do not have, in violation of Mo. Rev. Stat. Mo. Rev. Stat. § 407.020;

   b. By representing that DG branded motor oil "Lubricates and protects your engine," and placing the DG-branded motor oils on shelves next to legitimate motor oils intended for use in modern day vehicles, and failing to adequately warn consumers of the harm their products can cause, Defendant is representing that DG- branded motor oils are of a particular standard, quality, or grade, when they are of another, in violation of Mo. Rev. Stat. Mo. Rev. Stat. § 407.020;

   c. By representing that DG branded motor oil "Lubricates and protects your engine," and placing the DG-branded motor oils on shelves next to legitimate

16

motor oils intended for use in modern day vehicles, and failing to adequately warn consumers of the harm their products can cause, Defendant is advertising goods with intent not to sell them as advertised in violation of Mo. Rev. Stat. § 407.020;

69.     Defendants violated the MMPA by failing to adequately warn Plaintiff and members of the Class that DG-branded motor oils are not suitable for, and can harm, most vehicles on the road.

70.     Defendants' actions as described herein were done knowingly with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

71.     Defendants' false, deceptive and misleading business practices constituted, and constitute, a continuing course of conduct in violation of the MMPA because Defendant continues to sell the obsolete oil without adequate warnings and represent that the DG-branded motor oils have characteristics, uses and benefits which the products do not have, and has thus caused economic damage and continues to cause economic damage to Plaintiff and the Class.

72.     Neither Plaintiff nor any reasonable consumer would have purchased the DG-branded motor oil if they were informed it was obsolete and not suitable for their vehicles, was not capable of protecting or lubricating their vehicles' engines, and could harm their vehicles.

73.     Plaintiff seeks injunctive relief pursuant to Mo. Rev. Stat. § 407.025.2 in the form of  enjoining Defendants from (1) selling obsolete oil; (2) expressly or impliedly representing to current and potential purchasers of the DG-branded motor oils that the product is suitable for use in modern day vehicles manufactured after 1988, or in the case of SAE-30, after 1930; (3) providing inadequate warnings as to the harm the oil can cause.  Plaintiff also seeks injunctive

relief in the form of corrective advertising requiring Defendant to disseminate truthful, adequate disclosures and warnings about the actual uses (to the extent there are any) of the DG-branded motor oils.

74. Plaintiff and members of the Class shall be irreparably harmed if such an order is not granted.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability

75. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

76. Beginning at an exact date unknown to Plaintiff, but since at least five years prior to the filing date of this action, and as set forth above, Defendants represented to consumers, including Named Plaintiff and Class Members, by labeling/packaging and other means, that DG SAE 10W-30, DG SAE 10W-40, and DG SAE 30 are safe and suitable for use in the automobiles driven by Dollar General's customers. Named Plaintiff and Class Members bought those goods from the Defendant.

77. Defendants were a merchants with respect to goods of the kind which were sold to Named Plaintiff and Class Members, and there was in the sale to Named Plaintiff and Class Members an implied warranty that those goods were merchantable.

78. However, Defendants breached that warranty implied in the contract for the sale of goods in that Dollar General's DG-branded motor oil is in fact not suitable for use in the vehicles driven by the vast majority, if any, of Dollar General's customers, as set forth in greater detail above.

18

79. As a result thereof Named Plaintiff and Class Members did not receive goods as impliedly warranted by Defendant to be merchantable.

80. As a proximate result of this breach of warranty by Defendant, Named Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Unjust Enrichment

81. Named Plaintiff and Class Members have conferred substantial benefits on the Defendants by purchasing its useless and harmful motor oil, and Dollar General has consciously and willingly accepted and enjoyed these benefits.

82. Defendant knew or should have known that consumers' payments for its obsolete and harmful motor oil were given and received with the expectation that the motor oil would lubricate and protect consumers' engines and would not be harmful to their vehicles.

83. Because of the fraudulent misrepresentations, concealments, and other wrongful activities described herein, Defendants have been unjustly enriched by its wrongful receipt of Named Plaintiff's and Class Members' monies.

84. As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Named Plaintiff and Class Members have suffered damages in an amount to be determined at trial.

85. Defendants should be required to account for and disgorge all monies, profits and gains which they have obtained or will unjustly obtain in the future at the expense of consumers.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and members of the Class defined herein, prays for judgment and relief as follows:

A. An order certifying that this action may be maintained as a class action;

B. An award to Named Plaintiff and Class Members of full restitution;

C. An order pursuant to Mo. Rev. Stat. § 407.025.2 enjoining Defendant from engaging in the unfair and/or deceptive acts or practices, as set forth in this Complaint, and requiring Defendant to disseminate corrective advertising;

D. Compensatory economic damages;

E. Punitive Damages and/or additional damages provided in Mo. Rev. Stat. § 407.025.1 for violations of the MMPA set forth above which were committed knowingly;

F. Restitution and equitable disgorgement of the unlawful profits collected by the Defendant;

G. An order providing for declaratory and/or injunctive relief:

    1. Declaring that Defendants must provide accurate representations of the quality of the motor oil sold at its stores;

    2. Enjoining Defendants from continuing the deceptive practices alleged herein; and

    3. Granting other extraordinary equitable and/or injunctive relief as permitted by law, including specific performance, reformation and imposition of a constructive trust;

H. Prejudgment and post-judgment interest at the prevailing legal rate;

I. Plaintiff's attorneys' fees and costs of suit; and

J. Such other and further relief as the Court may deem necessary and appropriate.

## DESIGNATION OF PLACE OF TRIAL

Named Plaintiff and Class Members designate Kansas City, Missouri as the place of trial for this matter.

## JURY DEMAND

Named Plaintiff and Class Members, pursuant to Fed. R. Civ. P. 38(b), hereby demand trial by jury on all issues so triable.

Dated: February 8, 2016

Respectfully submitted,

*/s./ Kevin D. Stanley*
Kenneth B. McClain    #32430
Kevin D. Stanley        #48008
Colin W. McClain        #64012
HUMPHREY, FARRINGTON & MCCLAIN, P.C.
221 West Lexington Ave., Ste. 400
Independence, MO 64051
(816) 836-5050
(816) 836-8966 –fax
kbm@hfmlegal.com
kds@hfmlegal.com
cwm@hfmlegal.com

AND

Allan Kanner, Esq. (Pro Hac Vice)
Conlee Whiteley, Esq. (Pro Hac Vice)
Cynthia St. Amant, Esq.  (Pro Hac Vice)
KANNER & WHITELEY, L.L.C.
a.kanner@kanner-law.com
c.whiteley@kanner-law.com
c.stamant@kanner-law.com
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763

**ATTORNEYS for Plaintiff**